**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| **ACCIDENT INSURANCE CO., INC.,** ) | ) |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION NO.** |
| v.  ) | **2:19cv848-MHT** |
| ) | **(WO)** |
| **MATHEWS DEVELOPMENT COMPANY, LLC, et al.,** ) ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, plaintiff Accident Insurance Co., Inc. brings this lawsuit seeking a declaratory judgment that it has no obligation to defend defendants Mathews Development Company, LLC and James E. Mathews against claims brought against them in Alabama state court by defendants Kelvin and Sheretha Wortham, Edward and Ruth Thomas, and Courtney Jordan. Diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332.

The Worthams, the Thomases, and Jordan have filed a motion to dismiss and an alternative motion to stay the

case. They note that three underlying state-court cases remain pending and argue that this federal court should decline to hear this case until they are resolved, citing both the *Wilton-Brillhart* abstention doctrine and the *Colorado River* abstention doctrine. The Mathews defendants have filed a motion to dismiss on the same grounds. For the reasons that follow, the motions to dismiss and the alternative motion to stay will be denied.

## I. BACKGROUND

The Worthams, the Thomasas, and Jordan have filed suit against the Mathews defendants, asserting breach of warranty, fraudulent misrepresentation, and other state-law claims in connection with the construction of their homes. They say that the homes were poorly constructed, which resulted in numerous defects and extensive damage. These cases all remain pending in Alabama state court.

For much of the time period during which the

Worthams, the Thomases and Jordan purchased their homes, Mathews Development was insured by Accident Insurance. Under a reservation of rights, Accident Insurance is defending both Mathews defendants in the state-court suits. However, the insurance company argues that under the terms of its policies, it is not obligated to defend either one. It filed this declaratory-judgment action seeking a determination of its duty to defend in each of the underlying state actions.[1]

## II. DISCUSSION

The motions to dismiss or stay both cite to two separate doctrines in explaining why the court should abstain from hearing this case: *Wilton-Brillhart* abstention and *Colorado River* abstention. However, in

---

1. While the Worthams, the Thomases, and Jordan say that Accident Insurance seeks "a declaration that it owes no duty to defend and/or indemnify," Brief in Support of Defendants' Motion to Dismiss or Motion to Stay (Doc. 14) at 2, the complaint asks that the court decide only the insurance company's duty to defend, *see* Complaint (Doc. 1) at 24.

3

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Supreme Court stated that the "discretionary" standard set forth in *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 1620 (1942), and not the "exceptional circumstances" test developed in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1 (1983), "governs a district court's decision to stay a declaratory judgment action" during the pendency of a related state-court proceeding. *Wilton*, 515 U.S. at 279. Since Accident Insurance seeks only declaratory relief in this case, the court concludes that *Colorado River*'s abstention is inapplicable and will proceed to consider whether abstention is warranted under the *Wilton-Brillhart* "discretionary" standard.[2]

---

2. While circuit courts of appeals have split over whether the *Wilton-Brillhart* standard governs a situation in which a plaintiff requests forms of relief in addition to a declaratory judgment, there is "no doubt" that it applies where "solely declaratory relief is sought," *R.R. Street & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009), as is the case here.

4

It is well-settled that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287. The Act gives "federal courts competence to make a declaration of rights," but "it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). The Supreme Court has warned that it is both "uneconomical" and "vexatious" for a federal district court to hear a declaratory-judgment action while proceedings involving the same parties and the same legal issues remain ongoing in state court. *Brillhart*, 316 U.S. at 495. As a result, courts should generally "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982).

5

The Eleventh Circuit Court of Appeals has set out nine "guideposts" that district courts should consider in wielding their discretion under the Declaratory Judgment Act. *Ameritas*, 411 F.3d at 1331. Those guideposts are: (1) the strength of the State's interest in having the issues decided in a state court; (2) whether a judgment in the federal action would settle the controversy; (3) whether the federal action would help clarify the legal relations at issue; (4) whether the federal action is being used for 'procedural fencing,' that is, as part of a race to *res judicata* or to allow a federal court to hear a case that otherwise wouldn't be removable; (5) whether a ruling in the federal action would cause friction between the federal and state courts or otherwise encroach on state proceedings; (6) whether a better or more effective alternative remedy exists; (7) whether the underlying factual issues are important to an informed resolution of the matter; (8) whether the state court is better suited than the federal court to

6

evaluate those facts; and (9) whether there is a close nexus between the underlying issues and state law or public policy, or whether federal common or statutory law requires resolution of the declaratory-judgment action. *See id.* This list is not exhaustive, and no one factor is controlling. *See id.*

Accident Insurance argues that the *Wilton-Brillhart* abstention doctrine does not apply here because there are no state proceedings sufficiently parallel to this case. Suits are sufficiently parallel, that is, congruent, if they involve "substantially the same parties and substantially the same issues." *First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016) (per curiam).[3] When an insurer brings a declaratory-judgment action against an insured, the proceedings are not sufficiently parallel or overlapping if "the insurer

---

3. While unpublished opinions are not controlling authority, they may be cited as persuasive authority to the extent that their legal analysis warrants. *See Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

7

was not a party to the suit pending in state court" and "the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage." *Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1006 (8th Cir. 2006).  That is clearly the case here.  Accident Insurance is not party to any of the three underlying suits.  None of the suits will determine whether the claims asserted in those suits lie within the scope of the Mathews defendants' insurance policy, nor will they determine whether Accident Insurance has a duty to defend the Mathews defendants.  In short, these proceedings are merely *related*, and not sufficiently parallel or congruent.

However, the Eleventh Circuit has never held that abstention applies only when there are completely congruent proceedings.  Instead, it has said that "the district court must weigh all relevant factors," even if the federal action is not parallel to any state action.  *First Mercury*, 648 F. App'x at 866.  In any

8

event, the court finds that the *Ameritas* factors weigh heavily against abstention here, so it will exercise its discretion to retain jurisdiction over this declaratory-judgment action.

As other courts have found, "the interests of federalism, comity and efficiency on which *Wilton/Brillhart* abstention are founded are not directly implicated" where the legal issues presented in the federal case differ from those in the underlying state action. *Emp'rs Mut. Cas. Co. v. Kenny Hayes Custom Homes, LLC*, 101 F. Supp. 3d 1186, 1191 (S.D. Ala. 2015) (Granade, J.). Indeed, "[t]he bulk of the *Ameritas* guideposts ... only favor abstention when both the state and federal courts are asked to decide the same legal or factual issues." *Atl. Cas. Ins. Co. v. GMC Concrete Co., Inc.*, No. 07-0563, 2007 WL 4335499, at *3 (S.D. Ala. Dec. 7, 2007) (Steele, J.). That is simply not the case here, and defendants' arguments to the contrary misunderstand the law. An insurance company's duty to defend its insured from suit is

determined by the language of the insurance policy and by the factual allegations in the complaint filed against the insured.  See *Alfa Mut. Ins. Co. v. Morrison*, 613 So. 2d 381, 382 (Ala. 1993).  There is no need for this court to make any "specific findings of fact as to the merits or validity of those factual allegations in the pleading," so the resolution of any disputed factual issues by the state court is irrelevant to resolution of the federal case.  See *Pa. Nat. Mut. Cas. Ins. Co. v. King*, No. 11-0577, 2012 WL 280656, at *3 n.5 (S.D. Ala. Jan. 30, 2012) (Steele, C.J.).  Nor is there any overlap in the legal issues presented:  The issue of the insured's liability has not been raised in the federal case, and the issue of insurance coverage has not been raised in the state-court cases.  While the cases are related, they are separate--there is "no reasonable risk of inconsistent rulings, duplication of effort, or federal entanglement with the state court proceedings."  *State Farm Fire & Cas. Co. v. Knight*, No. 09-0783, 2010 WL

551262, at *4 (S.D. Ala. Feb. 11, 2010) (Steele, J.). Thus, there is no reason for this court to abstain from hearing the declaratory-judgment action.

Evaluating each of the *Ameritas* factors individually leads to the same conclusion.  As to the first factor (State's interest), it is true that state law controls interpretation of the insurance policy. However, given that the issue has not been raised in any Alabama proceeding, there is no indication that the State has a strong interest in having it decided in a state court.  The second factor (settling controversy) similarly weighs against abstention.  Given that this case presents distinct legal issues, a judgment by this court would not settle any of the underlying state-court claims.  Moreover, it is unquestionable that a judgment in this case *would* help clarify the legal relations between Accident Insurance and the Mathews defendants, so the third factor (clarification of legal relations) supports the conclusion that the court should not abstain from hearing this case.

11

As to the fourth factor (procedural fencing), the court also lacks any evidence that this action is being used for procedural fencing. Because there is no overlap between the legal and factual issues in this case and those in the state-court cases, there is no risk of *res judicata*. Accident Insurance "appears to have brought this action in the proper forum for a proper purpose to resolve issues not joined in the underlying action." *Emp'rs Mut.*, 101 F. Supp. 3d at 1191.

The fifth factor (friction between state and federal courts) also supports the conclusion that this court should retain jurisdiction over the declaratory-judgment action. The issues of insurance coverage and Accident Insurance's duty to defend are not pending in any of the underlying state-court actions, so there is no reason to believe that this case would cause any friction with the state courts or encroach on the state proceedings.

12

Under the sixth factor (better remedy), the Mathews defendants argue that an alternative remedy exists because Accident Insurance could simply seek to intervene in the state-court cases and raise the question of its duty to defend there. However, the Mathews defendants have provided no reason to believe that this remedy would be better or more effective. The state court could deny the motion to intervene, preventing Accident Insurance from making use of this approach. And it would be more efficient for this court "to make a timely declaration of the insurer's duty to defend obligations" now than either to wait for Accident Insurance to intervene and raise the issue before the state court--or, worse, for the question to remain undecided for even longer while the company continues to provide a defense in the underlying case. *Atl. Cas. Ins.*, 2007 WL 4335499, at *3.

With respect to the seventh factor (importance of underlying factual allegations) and eighth factor (better suited court), informed resolution of this case

13

does not turn on any of the factual issues in the underlying cases because duty to defend is based solely on the language of the insurance policy and the factual allegations in the state-court complaints. The defendants have not raised any other overlapping issues of fact that would arise between this case and the underlying cases, so these factors also weigh against abstention.

Finally, under the ninth factor (nexus between underlying issues and state law), as under the first, it is true that the question about the scope of insurance coverage in this case must be decided in accordance with Alabama law. However, because the issue is not currently pending in the underlying state-court cases, or in any other state-court litigation, this factor does not favor abstention.

In any event, dismissing this case or staying it pending the outcome of the underlying action would be unproductive and would waste judicial resources because the question of Accident Insurance's duty to defend

14

"would remain undecided ... after the underlying action was completed." *Emp'rs Mut.*, 101 F. Supp. 3d at 1191. In fact, the issue would "almost certainly be rendered moot" by a stay, "needlessly frustrating" Accident Insurance's efforts to obtain a resolution. *Id*. "Far from being wasteful or inefficient, allowing this declaratory judgment action to proceed would provide substantial benefits to all parties by affording them certainty as to the currently murky status" of Accident Insurance's duties towards the Mathews defendants, providing good reason for this court to hear this case. *State Farm Fire & Cas.*, 2010 WL 551262, at \*4.

In sum, this court finds that the *Ameritus* factors weigh strongly in favor of retaining jurisdiction over this declaratory-judgment action. The defendants have offered no reason to believe that dismissing or staying this action would promote the objectives of federalism, efficiency, and comity that underly the Federal Declaratory Judgment Act and the *Brillhart-Wilton*

15

doctrine. Therefore, the court will exercise its discretion to hear this declaratory-judgment action.

* * *

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that both the motion to dismiss and alternative motion to stay filed by defendants Kelvin Wortham, Sheretha Wortham, Edward Thomas, Ruth Thomas, and Courtney Jordan (Doc. 13) and the motion to dismiss filed by defendants Mathews Development Company, LLC and James E. Mathews (Doc. 33) are denied.

DONE, this the 26th day of April, 2021.

                                            /s/ Myron H. Thompson
                                           **UNITED STATES DISTRICT JUDGE**