# Exhibit G

DOCUMENT 2

Case 2:19-cv-00848-RAH-SMD   Document 54-7   Filed 03/22/22   Page 2 of 11

ELECTRONICALLY FILED
4/11/2019 3:37 PM
03-CV-2019-900639.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **Edward and Ruth Thomas,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| vs. | ) |
| | ) **Civil Action Number: _____** |
| **MATHEWS DEVELOPMENT COMPANY, LLC; JIM MATHEWS;** and fictitious defendants A, B, C, and D, those corporations, partnerships, other business entities, or individuals who are the successors in interest in any named defendant, and fictitious defendants E, F, G, H, and I, those corporations, partnerships, other business entities, or individuals who were subcontractors on the construction of the Plaintiff's home and/or who conspired with the named defendants to further the conduct described in the complaint, or who acted either independently or participated with others to commit the wrongful conduct complained of in the complaint, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1. Plaintiffs, Edward and Ruth Thomas are over the age of nineteen and are residents of the State of Alabama.

2. Defendant, Mathews Development Company, LLC is a domestic limited liability company that does business in Montgomery County, Alabama and whose address for service of process is 9154 East Chase Parkway, Montgomery, Alabama 36117.

3. Defendant, Jim Mathews, is an adult resident of the State of Alabama over the age of nineteen and at all times material hereto was the supervisor of the construction

of Plaintiff's home, whose address for service is 9154 East Chase Parkway, Montgomery, Alabama 36117.

4. Fictitious Defendants, A, B, C, and D are those corporations, partnerships, other business entities or individuals who are the successors in interest to any named Defendant and whose true and correct identities are unknown to the Plaintiff at this time, but which will be substituted by amendment when ascertained.

5. Fictitious Defendants E, F, G, H, and I are those corporations, partnerships, other business entities or individuals who were subcontractors on the construction of the Plaintiffs' home and/or conspired with any of the named Defendants to further the conduct described in the complaint and/or who acted either independently or participated with others to commit the wrongful conduct complained of in the complaint, whose true and correct identities are unknown to the Plaintiff at this time, but which will be substituted by amendment when ascertained.

## FACTS

6. In 2017, the Plaintiffs purchased their home, located at 560 Stone Park Blvd, Pike Road, Alabama 36064 from the Defendant, Mathews Development Company, LLC.

7. At the time of purchase, the subject house was new construction and had never been occupied.

8. Jim Mathews and Mathews Development Company, LLC built the Plaintiffs' home.

9. Plaintiffs began having some issues with the home about which they notified Defendants and requested these items be fixed. The Defendants reassured them

      that they could and would fix these items. Based on these reassurances, the Plaintiffs did not pursue any legal action at that time but continued to rely on the Defendants to honor their warranty and their promises.

10. The home had and continues to have foundation cracking problems due to the home not being properly constructed according to the applicable standards and codes.

11. The Defendants impliedly or explicitly agreed to construct the house in compliance with the generally applicable building codes. The Defendants represented to the Plaintiffs that they were qualified to construct the home and that the home was constructed in accordance with the generally applicable building codes.

12. Since Defendants have refused to make the necessary repairs to the home, Plaintiffs have made repairs to the home to prevent further damage.

13. Defendants knew or should have known that they were not capable of building the home according to applicable industry stands, in a workmanlike manner for the purpose to be constructed.

14. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered devaluation of their house, have lost the use and enjoyment of their house, have suffered and will continue to suffer extreme mental anguish and emotional distress, have suffered numerous incidental and consequential damages associated with the breaches including the following: water drainage problems, cracking in the floors and walls, issues relating to the heating and air systems, improper installation of interior doors, incorrect installation of kitchen granite countertops

3

and many other issues. Plaintiffs have otherwise been damaged and harmed as a direct and proximate result of Defendants' actions. Plaintiffs therefore ask for an award of compensatory and punitive damages against the Defendants and in favor of the Plaintiffs in an amount to be assessed and for attorney fees and costs of this matter.

## COUNT I
## BREACH OF WARRANTY

15. Plaintiffs reallege paragraphs 1 through 14 above as fully set forth herein.

16. The Plaintiffs, in entering into a sales agreement with Defendants, received certain express and implied warranties. Said warranties issued by Defendants provided that the house was built and constructed according to applicable industry standards, constructed in a workmanlike manner, constructed in a habitable fashion, constructed for a particular purpose (i.e., as a residence for the use and enjoyment of the Plaintiffs, and repaired and/or modified as necessary to comply with said warranties.

17. Defendants have breached said warranties by failing to construct according to the applicable industry standards, in a workmanlike manner, and to be habitable for the purpose constructed, and have otherwise failed to timely appropriately remedy the defects and substandard construction in the house according to the warranties issued to the Plaintiffs and according to the statutory and common law of the State of Alabama.

18. As a direct and proximate result of the Defendants' breaches of warranties, express and implied, the Plaintiffs have been injured and damaged as alleged above.

4

## COUNT II
## NEGLIGENCE AND/OR WANTONNESS

19. Plaintiffs reallege paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. The Defendants, separately and severally, undertook a duty to build the subject house in accordance with all applicable standards, codes and specifications.

21. The Defendants negligently and/or wantonly attempted to build said house, including the framing, examination of the site, preparation of the site and building the foundation. The Defendants negligently and/or wantonly built the home with serious defects including but not limited to improper drainage.

22. As a direct and proximate result of the negligence and/or wantonness of the Defendants, the Plaintiffs have been injured and damaged as alleged above.

## COUNT III
## FRAUDULENT MISREPRESENTATION

23. Plaintiff realleges paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Defendants represented to the Plaintiffs that the home was designed and constructed according to the applicable standards and codes. Defendants further represented to Plaintiffs that any issues or problems with the home would be repaired by Defendants in a timely and workmanlike manner.

5

25. The Plaintiffs relied on these representations in paying the Defendants $252,975.00 for the home. The Plaintiffs would not have contracted with Defendants in purchasing this home absent Defendants' representations.

26. As a direct and proximate result of the fraudulent acts of these Defendants, the Plaintiffs have been injured and damaged as alleged above.

## COUNT IV
## BREACH OF CONTRACT

27. Plaintiffs reallege paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. The Plaintiff and the Defendants entered into a contract wherein the Plaintiffs purchased the home located at 98 Emerald Drive, Pike Road, Alabama from Defendants for $252,975.00.

29. Defendants breached that contract by failing to adequately construct Plaintiffs' home and honor the expressed and implied warranties on the home.

30. As a result of the Defendants' breach of contract, the Plaintiffs have been injured and damaged as alleged above.

## COUNT V
## BREACH OF AN IMPLIED WARRANTY OF HABITABILITY

31. Plaintiffs reallege paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Plaintiffs contracted with Defendants to purchase a new residence that had never been inhabited by any person or persons.

33. The Plaintiffs' home was purchased from Defendants for purpose of Plaintiffs' residence and the defective conditions of the construction of the home have impaired Plaintiffs' intended use of the residence, namely, inhabitation.

34. By reason of the defective condition, the Plaintiffs suffered damages as alleged above.

## COUNT VI
## FRAUD/MISREPRESENTATION/SUPPRESSION

35. Plaintiffs reallege paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. As more particularly set forth above, Defendants intentionally, willfully, wantonly, recklessly, negligently, and/or innocently misrepresented material facts to and suppressed information from the Plaintiffs to induce them to act or refrain from acting. Defendants made these misrepresentations with knowledge that they were false or with reckless disregard for whether they were true or not and/or innocently or negligently. Further, Defendants suppressed information from the Plaintiffs despite being under a duty to disclose that information to the Plaintiffs.

37. The above representations and suppressions were made with the intent to deceive.

38. In reliance upon the representations made by Defendants and their authorized agents and representatives, the Plaintiffs paid Defendants money to which they were not entitled and expended time, money, and resources.

39. As a direct and proximate result of Defendants' unlawful and fraudulent conduct, the Plaintiffs have been and continue to be damaged as set forth above.

40. Plaintiffs therefore ask for an award of compensatory and punitive damages against the Defendants and in favor of the Plaintiffs in an amount to be assessed and for attorney fees and costs of this matter.

## COUNT VII
## UNJUST ENRICHMENT

41. Plaintiffs reallege paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Defendants' conduct has led to their holding money which in equity and good conscience belongs to the Plaintiffs.

43. Equity and good conscience require restitution to the Plaintiffs in the form of repayment of all money wrongfully held by Defendants (plus accrued pre-judgment interest) which the Plaintiffs paid to the Defendants for the purchase of the House made the subject of this lawsuit.

44. Plaintiffs therefore ask for an award of compensatory and punitive damages against the Defendants and in favor of the Plaintiffs in an amount to be assessed and for attorney fees and costs of this matter.

## COUNT VIII
## CONSPIRACY

45. Plaintiffs reallege paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. Defendants, both named and fictitious, conspired to commit the torts and fraudulent conduct alleged herein.

47. Such conspiracy was the proximate cause of damage to the Plaintiffs, and the Plaintiffs suffered damages as set out in the above counts.

8

48. Plaintiffs therefore ask for an award of compensatory and punitive damages against the Defendants and in favor of the Plaintiffs in an amount to be assessed and for attorney fees and costs of this matter.

## COUNT IX
## NEGLIGENT HIRING/TRAINING/SUPERVISION

49. Plaintiffs reallege paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Defendants had a duty to ensure that their agents, employees and/or contractors were properly trained and supervised regarding the construction of the House.

51. As more particularly set forth above, Defendants' breached this duty.

52. As a direct and proximate result of Defendants' conduct, the Plaintiffs have been and continue to be damaged.

53. Plaintiffs therefore ask for an award of compensatory and punitive damages against the Defendants and in favor of the Plaintiffs in an amount to be assessed and for attorney fees and costs of this matter.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

    A.    In such an amount of compensatory damages as will reasonably and adequately compensate them for their injuries and damages;

    B.    In such an amount of punitive damages as will reflect the enormity of the wrongs committed by the Defendants and will deter the Defendants and other form committing similar wrongful acts in the future;

    C.    Their costs in this action; and

    D.    Such other relief as this Court finds is appropriate.

*/s/ Mahaley P. McInnes*
Mahaley P. McInnes (MCI020)

9

                                        Christina D. Crow (CRO-064)
                                        Attorneys for Plaintiff

OF COUNSEL:
Jinks, Crow & Dickson, P.C.
Post Office Box 551
219 Prairie Street North
Union Springs, Alabama  36089
(334) 738-4225 (o)
(334) 738-4229 (f)
ccrow@jinkslaw.com
mmcinnes@jinkslaw.com

**PLAINTIFF HEREBY REQUESTS SERVICE BY CERTIFIED MAIL UPON THE DEFENDANTS AS FOLLOWS:**

**Mathews Development LLC**
**9154 East Chase Parkway**
**Montgomery, Alabama 36117**

**Jim Mathews**
**9154 East Chase Parkway**
**Montgomery, Alabama 36117**

10