```
       IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


ACCIDENT INSURANCE CO.,      )
INC.,                        )
                             )
     Plaintiff,              )
                             )     CIVIL ACTION NO.
     v.                      )       2:19cv848-MHT
                             )           (WO)
MATHEWS DEVELOPMENT          )
COMPANY, LLC, et al.,        )
                             )
     Defendants.             )
```

### ORDER

Upon consideration of plaintiff's renewed motion for summary judgment (Doc. 115) and as discussed during the on-the-record conference call with the parties on February 1, 2023, it is ORDERED that the motion is set for submission without oral argument on March 6, 2023. Defendants Edward Thomas and Ruth Thomas, if they want, may submit a legal brief (containing legal and factual arguments) and documentary evidence by February 27, 2023, to show why the motion for summary judgment should not be granted. Also by that date, defendants Matthews Development Company, LLC, and James E.

Matthews shall file a response to the motion adopting their previous filings and may file additional documentary evidence if so desired.  Plaintiff Accident Insurance may file replies to the defendants' responses by March 6, 2023.  The reply to defendants Matthews Development Company and Matthews's response should adopt the previously filed reply brief unless said defendants have submitted new documentary evidence, in which case plaintiff may file an amended reply brief to address that evidence.

Defendants Edward Thomas and Ruth Thomas should take special note that the motion to be considered by the court is a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]  A

---

1. The court notes that it is crucial for all parties to be aware of the rules governing summary judgment, especially when one or more proceed *pro se*.  As the Eleventh Circuit Court of Appeals has recognized, "[a]t a minimum, the district court must advise the *pro se* non-movant 'of his right to file affidavits or other material in opposition to the motion, and of the consequences of default.'"  *Ray v. Equifax Info. Servs., LLC*, 230 Fed. App'x 871, 872-73 (11th Cir. 2007) (quoting *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985)).  More broadly, through

motion for summary judgment requests that the court enter a final decision on a plaintiff's case without having a trial.  Rule 56 says that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In other words, if there is no need for a factfinder to decide between different versions of the facts, and if the applicable law supports the movant, the court may grant summary judgment.  If there are different versions of the facts--that is, a genuine dispute as to any legally relevant fact--the court cannot grant a movant's motion for summary judgment.  Here, the movant is Accident Insurance, Co., Inc., because they filed the motion.

In responding to a motion for summary judgment, the defendants should pay particular attention to the following procedures set forth in Rule 56:

---

this order "the court . . . explain[s] Rule 56" to the *pro se* parties in order to make sure they "underst[and]

3

"(1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

"(A) citing to particular parts of materials in the record [of the case], including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

"(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"(2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

"(3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

"(4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Fed. R. Civ. P. 56(c).

---

the workings of the rule, [and] the proper way to respond." *Id.* at 873.

**Parties representing themselves without counsel should be particularly aware of the requirements of this rule. A party opposing a motion for summary judgment cannot rely on the *unsworn* documents filed in the case and must oppose the motion by filing evidence in the form of *sworn* affidavits, declarations, depositions, or other materials under penalty of perjury that demonstrate that there exists a genuine dispute of material fact in this case that should proceed to trial.[2] Failure to file sworn affidavits or declarations may result in this court accepting the opposing party's evidence as the truth and granting**

---

2. An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer.  A declaration under penalty of perjury that meets the requirements of 28 U.S.C. § 1746 is also an acceptable form of evidence. It does not require the use of a notary public. An affidavit or declaration filed in support of or in opposition to a motion for summary judgment must be based "on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify to the matters stated" in the affidavit. Fed. R. Civ. P. 56(c)(4).

5

their motion for summary judgment in their favor.[3] If documents are referred to in the affidavits or declarations and have not been previously filed with the court, sworn or certified copies of those documents should be attached to the affidavits or declarations when they are filed. The parties may also support their positions by pointing to documents already in the record, including depositions, declarations, affidavits, or other previously filed documents.

Any discussion of evidence in a brief must refer to the specific place, by name or document number and by page and line, where that evidence can be found in the supporting evidentiary submission or a document filed with the court. The court may choose not to consider documents or parts of documents that have not been specifically cited by page number.

---

3. If the party opposing the motion is unable to present, by affidavit or declaration, facts essential to justify his opposition, then that party must file a sworn statement as to why that party is unable to do so. Fed. R. Civ. P. 56(d).

6

If the defendants fail to provide acceptable evidence under Rule 56, the court may accept the moving party's evidence as true for purposes of the motion and/or grant the motion and enter judgment in favor of the moving party without a trial. *See* Fed. R. Civ. P. 56(e).

DONE, this the 7th day of February, 2023.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**